1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4

Lester Selander,

5

Petitioner

6

v.

7

Acting Warden,

8

Respondents

**2:16-cv-02477-JAD-NJK**

**Order Granting Application to Proceed**
*in forma pauperis* **and Ordering**
**Petitioner to Show Cause**

[ECF No. 1]

9

10    Pro se § 2254 petitioner Lester Selander has filed a petition for a writ of habeas corpus and

11   has also submitted an application to proceed *in forma pauperis*.  It appears that Selander's petition

12   may be time-barred, so I order him to show cause by January 23, 2017, why his petition should not

13   be dismissed as untimely.

14                                           **Discussion**

15    The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of

16   limitations for federal habeas corpus petitions.[1]  The one-year time limitation begins to run on the

17   date the judgment of conviction becomes final either by the conclusion of direct review or the

18   expiration of the time for seeking direct review.[2]  Additionally, the time during which a properly

19   filed state habeas petition is pending is excluded from the limitations period.[3]

20    Though Selander failed to complete many portions of the § 2254 form petition, it appears

21   from the state-court docket (which I take judicial notice of) that the state court entered Selander's

22   judgment of conviction on July 22, 2013,[4] which means that the deadline to file his direct appeal

23

24

25   [1] 28 U.S.C. § 2244(d).

26   [2] 28 U.S.C. § 2244(d)(1)(A).

27   [3] 28 U.S.C. § 2244(d)(2).

28   [4] *See* Nevada Supreme Court Case No. 66053.

expired August 22, 2013.[5]  Thus, the deadline to file a federal habeas petition expired one year later on August 22, 2014, unless there was tolling.

The state-court record reflects that no properly filed state appeal or post-conviction petition tolled any part of the AEDPA one-year limitations period because both Selander's notice of direct appeal and state habeas petition were denied as untimely.[6]  In that event, this federal petition was filed well beyond the one-year limitations period unless Selander can show that he is entitled to equitable tolling.  A petitioner may be entitled to equitable tolling if he can show: "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing."[7]

Because it appears from the face of Selander's petition and the state-court record that the instant petition is untimely, I give Selander until January 23, 2017, to show that his petition was filed within the applicable limitations period or, if it was not, that he is entitled to equitable tolling.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Selander's **application to proceed *in forma pauperis* [ECF No. 1] is GRANTED.**

IT IS FURTHER ORDERED that Selander must show cause by **January 23, 2017,** why this petition should not be dismissed as untimely.  Selander must demonstrate that this petition was timely filed within the one-year limitations period or that he is entitled to equitable tolling.  To satisfy his obligations under this order, Selander must set forth a complete and accurate history, including dates, of any post-conviction proceedings in the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.  If Selander does not respond to this order by **January 23, 2017, or seek other appropriate relief, his petition will be dismissed**

---

[5] NEV. R. APP. PROC. (b)(1)(A).

[6] The Nevada Supreme Court rejected Selander's untimely notice of direct appeal for lack of jurisdiction on July 25, 2014.  *Id.*  The Nevada Court of Appeals affirmed the denial of his state post-conviction petition as untimely on June 22, 2016.  Case No. 69259.

[7] *Holland v. Florida*, 560 U.S. 631, 649 (2009); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

**without prejudice and without further notice.**

Dated this December 23, 2016.

_____

Jennifer A. Dorsey

United States District Judge