UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LESTER SELANDER,

    Petitioner,

v.

ACTING WARDEN,

    Respondents.

Case No. 2:16-cv-02477-JAD-NJK

**ORDER**

[ECF Nos. 1-1, 2, 8, 9]

On December 23, 2016, I ordered *pro se* habeas petitioner Lester Selander to show cause why his petition is not time barred. ECF No. 4. I noted that it appears from the state-court record that the AEDPA deadline for Selander to file a federal habeas petition expired on August 22, 2014. *Id.* (citing 28 U.S.C. § 2244(d)(1)(A)).

In response to that order, Selander filed a second motion for appointment of counsel (ECF No. 8). In that motion, he does not dispute that this federal petition was filed after the expiration of the AEDPA statute of limitations. He makes the bare assertion that the alleged victim has recanted and that he is actually innocent. He claims that this is newly discovered evidence and that he has "made a record" with this court to support his contention. Apparently, Selander refers to documents that he attached to the motion for appointment of counsel that appear to be one or more emails perhaps sent in March 2014. *Id.* at 8—10. He offers no explanation whatsoever about the attachments, nor does he identify their senders or recipients. In short, while Selander has attempted to demonstrate that some extraordinary circumstance prevented his timely filing, he provides no specific factual allegations whatsoever to support his vague allegations of actual innocence. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Further, Selander sets forth no factual allegations whatsoever to demonstrate that he diligently pursued his rights. *See, e.g., Calderon*, 128 F.3d at 1288. In fact, the dates on the purported emails that Selander includes are from March 2014. But in his subsequent post-sentence motion to withdraw guilty plea (which the state courts construed as a postconviction habeas petition), he argues only that his plea counsel was ineffective for failing to investigate the possibility of a statute of limitations defense. *See* Nevada Court of Appeals Case No. 69259. Noticeably absent are any allegations of newly discovered evidence that the victim recanted. Selander has thus failed to meet his burden of demonstrating that he is entitled to equitable tolling of the one-year limitation period.

In conclusion, petitioner's federal petition is untimely. He has failed to demonstrate a sufficient basis for equitable tolling or to excuse the statute of limitations. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed with prejudice as untimely.

Accordingly,

**IT IS THEREFORE ORDERED** that the Clerk of Court shall detach and file the petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** with prejudice as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because jurists of reason would not find the court's dismissal of this petition to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

**IT IS FURTHER ORDERED** that the Clerk shall electronically serve the petition, along with a copy of this order, on respondents. No response by respondents is necessary, however.

**IT IS FURTHER ORDERED** that petitioner's first and second motions for appointment of counsel **(ECF Nos. 2 and 8) and** petitioner's motion to extend time for discovery **(ECF No. 9) are all DENIED** as moot.

**The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

DATED: June 26, 2017.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE